KRISTINA L. HILLMAN, Nevada Bar No. 7752
LAW OFFICES OF KRISTINA L. HILLMAN,
Affiliated with Weinberg, Roger & Rosenfeld,
A Professional Corporation
729 Evans Avenue
Reno, Nevada 89512
Telephone: 775.770.4832
Facsimile: 775.324.5444

Attorneys for Defendants Laborers International Union
of North America Local No. 872, Tommy White

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES; SIX STAR CLEANING & CARPET SERVICE, INC., a Nevada corporation; YOLANDA WOODS, an individual doing business as STEP BY STEP CLEANING SERVICE, FLOPPY MOP, INC., a Nevada corporation, BLUE CHIP ENTERPRISES, INC., a Nevada corporation, DOES I through X; ROES I through X,

    Plaintiffs,

v.

LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872;
LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 702;
TOMMY WHITE, an individual; DOES I through X and ROE ENTITIES 1 through X

    Defendants.

No. 11-cv-00524

**LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872 and TOMMY WHITE'S ANSWER TO COMPLAINT AND COUNTER CLAIM**

    Defendants Laborers International Union of North America Local No. 872 ("Local 872") and Tommy White ("White," collectively "Defendants"), by and through their counsel of record, Kristina L. Hillman, Law Offices of Kristina L. Hillman, on behalf of themselves and no other defendant, as and for their answer to the complaint filed by the plaintiffs in the above captioned

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

matter, hereby admit, deny, and respond as follows:

## PARTIES

1. Defendants submit the allegations of paragraph 1 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

2. Defendants submit the allegations of paragraph 2 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

3. Defendants submit the allegations of paragraph 3 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

4. Defendants submit the allegations of paragraph 4 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

5. Defendants submit the allegations of paragraph 5 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

6. As to Local 872 alone, Defendants admit the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

## NATURE OF JURISDICTION AND VENUE

8. Defendants submit the allegations of paragraph 8 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein, and specifically denies plaintiffs were subjected to discrimination in any form, or discrimination on the basis of race.

9. Defendants submit the allegations of paragraph 9 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained therein.

10. Defendants submit the allegations of paragraph 10 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants deny each and every allegation contained therein.

11. Defendants submit the allegations of paragraph 11 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants deny each and every allegation contained therein and specifically deny that NRS 140.65 provides the United States District Court with personal jurisdiction over the Defendants.

12. Defendants submit the allegations of paragraph 12 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

Defendants deny each and every allegation contained therein.

## GENERAL ALLEGATIONS

13. Defendants deny each and every allegation contained in paragraph 13.

14. Defendants deny each and every allegation contained in paragraph 14.

15. Defendants admit that Local 872 solicited non-Union labor contractors to join Local 872. Defendants deny each and every remaining allegation contained in paragraph 15.

16. Defendants deny each and every allegation contained in paragraph 16.

17. Defendants deny each and every allegation contained in paragraph 17.

18. Defendants deny each and every allegation contained in paragraph 18.

19. Defendants deny each and every allegation contained in paragraph 19.

20. Defendants deny each and every allegation contained in paragraph 20.

21. Defendants deny each and every allegation contained in paragraph 21.

22. Defendants deny each and every allegation contained in paragraph 22.

23. Defendants deny each and every allegation contained in paragraph 23.

24. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 24.

## FIRST CAUSE OF ACTION
### (Relief for Racial Discrimination in Violation of 42 U.S.C. § 1981)

25. Defendants submit the allegations of paragraph 25 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 24, inclusive, as though fully set forth.

26. Defendants deny each and every allegation contained in paragraph 26.

27. Defendants deny each and every allegation contained in paragraph 27.

28. Defendants deny each and every allegation contained in paragraph 28.

29. Defendants deny each and every allegation contained in paragraph 29, and

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

specifically deny that Plaintiffs, individually and collectively, have sustained any damages whatsoever.

30. Defendants deny each and every allegation contained in paragraph 30.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 31.

## SECOND CAUSE OF ACTION
### (Alter Ego)

32. Defendants submit the allegations of paragraph 32 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 31, inclusive, as though fully set forth.

33. Defendants deny each and every allegation contained in paragraph 33.

34. Defendants deny each and every allegation contained in paragraph 34.

35. Defendants deny each and every allegation contained in paragraph 35.

## THIRD CAUSE OF ACTION
### (Declaratory Relief—Breach of Contract)

36. Defendants submit the allegations of paragraph 36 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 35, inclusive, as though fully set forth.

37. Defendants deny each and every allegation contained in paragraph 37, and specifically deny that NRS 30.010, et seq. confers any jurisdiction or power on this Court.

38. Defendants deny each and every allegation contained in paragraph 38.

39. Defendants deny each and every allegation contained in paragraph 39.

40. Defendants deny each and every allegation contained in paragraph 40.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 5 -

Answer to Complaint by Defendants LIUNA Local 872 and Tommy White
Case No. 11-cv-00524

1  41. Defendants deny each and every allegation contained in paragraph 41.

2  42. Defendants deny each and every allegation contained in paragraph 42, and specifically deny that NRS 30.010, et seq. entitles Plaintiffs to declaratory judgment in this action.

43. Defendants deny each and every allegation contained in paragraph 43, and specifically deny that the alleged conduct is actionable under Nevada law.

44. Defendants deny each and every allegation contained in paragraph 44.

45. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 45.

## FOURTH CAUSE OF ACTION
### (Breach of Contract)

46. Defendants submit the allegations of paragraph 46 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 45, inclusive, as though fully set forth.

47. Defendants deny each and every allegation contained in paragraph 47.

48. Defendants deny each and every allegation contained in paragraph 48.

49. Defendants deny each and every allegation contained in paragraph 49.

50. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 50.

## FIFTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

51. Defendants submit the allegations of paragraph 51 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 50, inclusive, as though fully set forth.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 6 -

Answer to Complaint by Defendants LIUNA Local 872 and Tommy White
Case No. 11-cv-00524

52. Defendants deny each and every allegation contained in paragraph 52, and specifically deny that Nevada law is controlling in this case.

53. Defendants deny each and every allegation contained in paragraph 53.

54. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 54.

## SIXTH CAUSE OF ACTION
### (Conversion)

55. Defendants submit the allegations of paragraph 55 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 54, inclusive, as though fully set forth.

56. Defendants deny each and every allegation contained in paragraph 56.

57. Defendants deny each and every allegation contained in paragraph 57.

58. Defendants deny each and every allegation contained in paragraph 58.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 59.

## SEVENTH CAUSE OF ACTION
### (Fraudulent and Intentional Misrepresentation)

60. Defendants submit the allegations of paragraph 60 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 59, inclusive, as though fully set forth.

61. Defendants deny each and every allegation contained in paragraph 61.

62. Defendants deny each and every allegation contained in paragraph 62.

63. Defendants deny each and every allegation contained in paragraph 63.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

64. Defendants deny each and every allegation contained in paragraph 64.

65. Defendants deny each and every allegation contained in paragraph 65.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 66.

## EIGHTH CAUSE OF ACTION
### (Fraudulent in the Inducement)

67. Defendants submit the allegations of paragraph 67 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 66, inclusive, as though fully set forth.

68. Defendants deny each and every allegation contained in paragraph 68.

69. Defendants deny each and every allegation contained in paragraph 69.

70. Defendants deny each and every allegation contained in paragraph 70.

71. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 71.

## NINTH CAUSE OF ACTION
### (Intentional Interference with Present and Future Contractual Relations)

72. Defendants submit the allegations of paragraph 72 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 71, inclusive, as though fully set forth.

73. Defendants deny each and every allegation contained in paragraph 73.

74. Defendants deny each and every allegation contained in paragraph 74.

75. Defendants deny each and every allegation contained in paragraph 75.

76. Defendants deny each and every allegation contained in paragraph 76.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 8 -

Answer to Complaint by Defendants LIUNA Local 872 and Tommy White
Case No. 11-cv-00524

77. Defendants deny each and every allegation contained in paragraph 77.

78. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 78.

## TENTH CAUSE OF ACTION
### (Declaratory & Injunctive Relief—Defamation)

79. Defendants submit the allegations of paragraph 79 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 78, inclusive, as though fully set forth.

80. Defendants deny each and every allegation contained in paragraph 80, and specifically deny that NRS 30.101, et seq. confers any jurisdiction or power on this Court.

81. Defendants deny each and every allegation contained in paragraph 81.

82. Defendants deny each and every allegation contained in paragraph 82.

83. Defendants deny each and every allegation contained in paragraph 83.

84. Defendants deny each and every allegation contained in paragraph 84 and subparts i through iii.

85. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 85.

## ELEVENTH CAUSE OF ACTION
### (Defamation/Defamation Per Se)

86. Defendants submit the allegations of paragraph 86 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 85, inclusive, as though fully set forth.

87. Defendants deny each and every allegation contained in paragraph 87.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 9 -

Answer to Complaint by Defendants LIUNA Local 872 and Tommy White
Case No. 11-cv-00524

88. Defendants deny each and every allegation contained in paragraph 88.

89. Defendants deny each and every allegation contained in paragraph 89.

90. Defendants deny each and every allegation contained in paragraph 90.

91. Defendants deny each and every allegation contained in paragraph 91.

92. Defendants deny each and every allegation contained in paragraph 92.

93. Defendants deny each and every allegation contained in paragraph 93.

94. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 94.

## TWELFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

95. Defendants submit the allegations of paragraph 95 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required, Defendants incorporate their responses to paragraphs 1 through 94, inclusive, as though fully set forth.

96. Defendants deny each and every allegation contained in paragraph 96.

97. Defendants deny each and every allegation contained in paragraph 97.

98. Defendants deny each and every allegation contained in paragraph 98.

99. Defendants deny each and every allegation contained in paragraph 99.

100. Defendants deny each and every allegation contained in paragraph 100.

101. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation contained in paragraph 101.

## THIRTEENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

102. Defendants submit the allegations of paragraph 102 do not allege any acts or omissions on the part of either Local 872 or White and therefore responses to such allegations are required under the Federal Rules of Civil Procedure. To the extent responses are required,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

- 10 -

Answer to Complaint by Defendants LIUNA Local 872 and Tommy White
Case No. 11-cv-00524

1  Defendants incorporate their responses to paragraphs 1 through 101, inclusive, as though fully set
2  forth.
3      103.    Defendants deny each and every allegation contained in paragraph 103.
4      104.    Defendants deny each and every allegation contained in paragraph 104.
5      105.    Defendants lack sufficient knowledge or information to form a belief as to the truth
6  of the allegations and on that basis denies each and every allegation contained in paragraph 105.

### FOURTEENTH CAUSE OF ACTION
### (Harassment)

9      106.    Defendants submit the allegations of paragraph 106 do not allege any acts or
10 omissions on the part of either Local 872 or White and therefore responses to such allegations are
11 required under the Federal Rules of Civil Procedure.  To the extent responses are required,
12 Defendants incorporate their responses to paragraphs 1 through 105, inclusive, as though fully set
13 forth.
14     107.    Defendants deny each and every allegation contained in paragraph 107.
15     108.    Defendants deny each and every allegation contained in paragraph 108.
16     109.    Defendants deny each and every allegation contained in paragraph 109.
17     110.    Defendants lack sufficient knowledge or information to form a belief as to the truth
18 of the allegations and on that basis denies each and every allegation contained in paragraph 105.

### AFFIRMATIVE DEFENSES

20     1.      Plaintiffs' complaint and each cause of action asserted therein fails to state a claim
21 against these answering Defendants upon which relief may be granted.
22     2.      Plaintiffs' complaint is barred by the failure to exhaust all administrative remedies.
23     3.      Plaintiffs' complaint is barred by Plaintiffs' failure to exhaust all contractual
24 remedies.
25     4.      Plaintiffs' complaint is barred by the doctrine of unclean hands.
26     5.      Plaintiffs' complaint is barred by the doctrine of estoppel.
27     6.      Plaintiffs' complaint is barred by the doctrine of waiver.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
510.337.1001

- 11 -

Answer to Complaint by Defendants LIUNA Local 872 and Tommy White
Case No. 11-cv-00524

7. Plaintiffs' complaint is by the doctrine of laches.

8. Plaintiffs' complaint is barred by the applicable statutes of limitations.

9. Plaintiffs' complaint is barred as res judicata and/or by collateral estoppel.

10. Plaintiffs' complaint is preempted under the Labor Management Relations Act, 29 U.S.C. § 185.

11. Plaintiffs' complaint is preempted under the Employees Retirement Income Security Act, Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381, et seq.

12. Plaintiffs, and each of them, have failed to mitigate their damages, if any there are.

13. Plaintiffs' complaint was filed for unlawful purposes in violation of the National Labor Relations Act.

14. Any actions undertaken by these answering Defendants were undertaken in good faith, without malice, with due regard for the rights of Plaintiffs, and each of them, and were privileged, justified, and reasonable.

15. The damages sustained by Plaintiffs, if any there are, were the result of the actions of persons or entities other than these answering Defendants, including Plaintiffs and others, and the acts, omissions, and liabilities of such persons are the sole and proximate cause of the alleged damages set forth in the complaint.

16. The complaint and all causes of action asserted therein are barred, or recovery is reduced because of Plaintiffs' own fault and neglect in connection with the matters complained of.

17. Any statements made concerning Plaintiffs, or any of them, by these answering Defendants, were made in good faith for legitimate business purposes, were privileged, and were true.

18. The acts and conduct allegedly undertaken by these answering Defendants were authorized, permitted, and consistent with the terms of the Labor-Management Agreement controlling the relationship between the parties.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

1  19. This Court lacks jurisdiction to interpret the Labor-Management Agreement and the duties and obligations of the parties arising thereunder.

20. This Court lacks jurisdiction as the matters complained of involve obligations arising under and subject to the National Labor Relations Act.

21. As a Union officer, Defendant Tommy White is immune from personal liability for acts performed as a representative of the Union.

22. Plaintiff's claim for punitive damages is unconstitutional under the due process clause of the United States Constitution.

## COUNTER CLAIM

1. At all times complained of, Plaintiffs, and each of them, were signatory to a Memorandum Agreement with Local 872. Under the terms of the Memorandum Agreement, the Parties agreed to be bound by all the terms and conditions of the Master Agreement. True and correct copies of the Memorandum Agreements are attached hereto as Exhibit A and incorporated herein by reference.

2. The Master Agreement defines and governs the relationship between the parties to this action, and requires that "all disputes or grievances arising out of the interpretation or application of [the Master] Agreement shall be submitted for determination and be resolved by the procedures set forth in this Article. The employer shall have the right to file a grievance under this Article, and further agrees to waive its right to file any lawsuit alleging breach of contract." A true and correct copy of the Master Agreement is attached hereto as Exhibit B and incorporated herein by reference.

3. The Master Agreement provides a three step grievance handling procedure. At the first step the grievant meets with the Union and attempts to resolve the issues. If the grievance is not resolved at the first step, either party may request the matter be submitted to a Board of Adjustment, consisting of two members appointed by the Employer, and two members appointed by the Union. A simple majority vote of the Board of Adjustment is final and binding on all parties. If the Board of Adjustment does not reach a majority decision within three days after

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001

referral of an issue, either or both parties may refer the dispute or grievance to arbitration.

4. All of the claims asserted in the Complaint involve the interpretation or application of the terms of the Master Agreement.

5. None of the Plaintiffs filed a grievance concerning the issues raised in the Complaint.

6. As of the date of this counter claim, none of the Plaintiffs have invoked the contractual remedies available under the Master Agreement.

7. Plaintiffs' complaint is barred for failure to exhaust contractual remedies.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Laborers International Union of North America Local No. 872 and Tommy White pray judgment as follows:

1. This action be dismissed for failure to exhaust contractual remedies, or alternatively, the Court order this matter to arbitration;

2. Plaintiffs take nothing by way of their complaint, and that the entire action be dismissed with prejudice;

3. Defendants be awarded the attorney fees and costs incurred in this matter; and

4. For such other relief as the Court deems just and proper.

Dated: April 21, 2011

                                             LAW OFFICES OF KRISTINA L. HILLMAN

                                             By:   /s/Kristina L. Hillman
                                                       KRISTINA L. HILLMAN
                                                       Attorneys for Defendants Laborers International Union of North America Local No. 872 and Tommy White

127792/617155

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
510.337.1001