# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES, et al., | 2:11-cv-0524-LDG-LRL |
| Plaintiffs, | **ORDER** |
| v. | |
| LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872, et al., | |
| Defendants. | |

Plaintiffs, five African American owned construction companies, filed this suit for damages allegedly arising out of Local 872's misrepresentations and racially discriminatory practices. Plaintiffs theorize that Local 872's discriminatory actions, including preventing Plaintiffs from collecting outstanding debts or completing future jobs, caused Plaintiffs to default on their trust contributions. Plaintiffs have now filed a motion for a preliminary injunction preventing Local 872 from "(1) placing or maintaining any Plaintiff on [Local 872's] delinquent list; and/or (2) from denying any Plaintiff a status letter of good standing from [Local 872]." Pls.' Mot. for Prelim. Inj. on Order Shortening Time 2, ECF Nos. 21 & 24.

An injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th

1    Cir. 2010) (citations and internal quotation marks omitted). A party seeking a preliminary
2    injunction must demonstrate (1) that it is likely to succeed on the merits, (2) that it is likely to
3    suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in
4    its favor, and (4) that an injunction is in the public interest. *Id.* (citing *Winter v. Natural Res. Def.*
5    *Council,* 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)).

6        Plaintiffs argue that they enjoy a "reasonable probability" of success on the merits of their
7    discrimination claims under 42 U.S.C. § 1981. Section 1981 "protects the equal right of '[a]ll
8    persons within the jurisdiction of the United States' to 'make and enforce contracts' without
9    respect to race," *Domino's Pizza, Inc. v. McDonald,* 546 U.S. 470, 474-75 (2006) (quoting 42
10   U.S.C. § 1981(a)), and protects such rights against "impairment by nongovernmental
11   discrimination and impairment under color of State law," 42 U.S.C. § 1981(c). Courts apply a
12   burden-shifting analysis to evaluate discrimination claims under § 1981. *See Lindsey v. SLT L.A.,*
13   *LLC,* 447 F.3d 1138, 1144-45 (9th Cir. 2006). To establish a prima facie case of discrimination, a
14   plaintiff must show that: (1) it is a member of a protected class, (2) it attempted to contract for
15   certain services, (3) it was denied the right to contract for those services, and, in some
16   circumstances, (4) such services remained available to similarly-situated individuals who were not
17   members of the plaintiff's protected class. *Id.* at 1145. "[I]f the plaintiff satisfies the initial
18   burden of establishing a prima facie case of racial discrimination, the burden shifts to the
19   defendant to prove it had a legitimate non-discriminatory reason for the adverse action." *Id.* at
20   1144. "If the defendant meets that burden, the plaintiff must prove that such a reason was merely
21   a pretext for intentional discrimination." *Id*

22       Plaintiffs claim that they have demonstrated a prima facie case of discrimination because
23   Plaintiffs are minority-owned businesses unable to enter into employment contracts "due to their
24   racially motivated presence on the delinquent list," Pls' Mot. for Prelim. Inj. 8, ECF Nos. 21 & 24,
25   and because "Defendants have treated similarly situated companies differently in regards to their
26

2

trust fund payments and placement on the delinquent list," *id.* at 9. Even assuming Plaintiffs have stated a prima facie case, Plaintiffs have failed to demonstrate that they are likely to succeed on the merits of their discrimination claims. Plaintiffs have failed to indicate any specific or substantial evidence sufficient to overcome the legitimate reasons put forth by Local 872. *See, e.g., Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2003) ("However, Aragon's evidence must be both specific and substantial to overcome the legitimate reasons put forth by Republic.") (citations omitted). Citing three outstanding judgments and one pending action against Plaintiffs for failure to pay contributions and penalty payments to the trust, Local 872 maintains that Plaintiffs are on the "Delinquent Employers List" because they have failed to contribute to the union trust as required under the Labor-Management Agreement. Plaintiffs' difficulty collecting outstanding debts and competing for future jobs results from Plaintiffs' delinquent statuses with the trust. Plaintiffs' claims that representatives of Local 872 referred to certain Plaintiff corporations as "thieves" and stated an intent to "bankrupt" Six Star Cleaning are insufficient to demonstrate that unlawful discrimination more likely motivated Local 872's actions against Plaintiffs or that Local 872's non-discriminatory reason is otherwise unworthy of credence. More fundamentally, however, Plaintiffs have failed to demonstrate that they are likely to succeed on the merits of their discrimination claim against Local 872. Local 872 apparently nether maintains the delinquent list, nor issues letters of good standing. Particularly in light Plaintiffs' requested injunctive relief against Local 872, Plaintiffs have not demonstrated Local 872's racial animus for delinquent statuses maintained by the trust or for actions taken pursuant to the Labor-Master Agreement. Therefore, Plaintiffs have failed to demonstrate that they are likely to succeed on the merits.

Plaintiffs have also failed to demonstrate that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, or that the requested injunction is in the public interest. Although Plaintiffs have suggested that they will

incur mental and emotional damages in the absence of injunctive relief, Plaintiffs' principal anticipated losses are economic in nature. As to the balance of equities, three of Plaintiff corporations, Blue Chip Enterprises, Floppy Mop, and Six Star Cleaning, have outstanding judgments against them for delinquent trust fund contributions. The requested injunctive relief is superfluous as to Step-by-Step because that Plaintiff corporation is apparently in good standing with the trust. The final Plaintiff corporation, Southern Nevada Flaggers & Barricades (Gene Collins) ("Collins"), for whom injunctive relief is apparently sought on an expedited basis, asserts racial discrimination as an affirmative defense to the trust's contribution collection efforts in a case currently pending before another judge. Even assuming, as Plaintiffs allege, that Collins was placed on the trust's delinquency list prior to owing any trust contributions, such facts are relevant to the action between Collins and the trust, not Plaintiffs' suit before this court. Furthermore, the court is not convinced that the requested injunction is in the public interest. Issuing the requested relief, particularly in light of the issues pending in Collins's other litigation, increases risks of inconsistent results, especially where Collins's racial discrimination claims are currently pending before another judge and against the trust, the entity whom Plaintiffs' requested relief would affect. Accordingly,

THE COURT HEREBY ORDERS that Plaintiffs' motion for preliminary injunction (#21 & #25) is DENIED without prejudice.

THE COURT FURTHER ORDERS that Plaintiffs' motion for order shortening time to hear motion for preliminary injunction (#25) is DENIED as moot.

Dated this 29 day of June, 2011.

Lloyd D. George
United States District Judge

4