# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES; SIX STAR CLEANING & CARPET SERVICE, INC., a Nevada Corporation; YOLANDA WOODS, an individual doing business as STEP BY STEP CLEANING SERVICE, FLOPPY MOP, INC., a Nevada corporation, BLUE CHIP ENTERPRISES, INC., a Nevada corporation DOES I through X; ROES I through X,<br><br>         Plaintiffs,<br><br>v.<br><br>LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872; LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 702; TOMMY WHITE, an individual; DOES I through X and ROE entities I through X,<br><br>         Defendants. | Case No. 2:11-cv-00524-LDG-LRL<br><br>**ORDER** |

Plaintiffs Gene Collins (Southern Nevada Flaggers and Barricades), Six Star Cleaning and Carpet Service, Inc., Yolanda Woods (Step by Step Cleaning Service), Floppy Mop, Inc., and Blue Chip Enterprises brought this action against Defendants Laborers International Union of North America Local No. 872 and Tommy White. Plaintiffs seek compensatory and punitive damages based on allegations of defamation, breach of contract, and civil rights violations. Defendants have filed a special motion to strike pursuant to Nevada's Anti-Slapp statute. *See* Nev. Rev. Stat. § 41.660.

Nevada's Anti-SLAPP statute provides a remedy for defendants faced with "Strategic Lawsuits Against Public Participation." *See id*. § 41.350-41.670. "A person who engages in good faith communication in furtherance of the right to petition is immune from civil liability for claims based upon the communication." *Id*. § 41.650. In relevant part, good faith communication in furtherance of the right to petition is defined as any "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law, which is truthful or is made without knowledge of its falsehood." *Id*. § 41.637(3). Moreover, "the anti-SLAPP statute only protects citizens who petition the government from civil liability arising from *good-faith communications to a government agency*." *John v. Douglass Cnty. Sch. Dist.*, 219 P.3d 1276, 1281 (Nev. 2009) (emphasis in original) *cert denied*, 130 S.Ct. 3355 (2010); *see also Buckwalter v. Wey*, No. 2:10-CV-108 JCM (LRL), 2010 WL 2609100 (D. Nev. June 24, 2010).

A person who is sued based upon good faith communications in furtherance of the right to petition may file a special motion to dismiss. Nev. Rev. Stat. § 41.669. The court is to treat the special motion to dismiss as a motion for summary judgment. *Id*. § 41.660(3). Since the special motion to dismiss is procedurally treated as a summary judgment, summary judgment standards apply. *See Douglas Cnty. Sch. Dist.*, 219 P.3d at 1281 (applying Nevada Rules of Civil Procedure regarding summary judgment); *see also Balestra-Leigh v. Balestra*, No. 3:09-CV-551-ECR-RAM, 2010 WL 4280424, at *4 (D. Nev. Oct. 19, 2010). The moving party must thus present sufficient evidence to make a threshold showing that the lawsuit is based on good faith communication in furtherance of the right to petition the government. *See* Nev. Rev. Stat. § 41.660(1); *see also Balestra-Leigh*, 2010 WL 4280424, at *4.

Defendants have failed to make a threshold showing that Nevada's Anti-SLAPP statute applies to this case. Defendants' motion makes clear that prior litigation was brought by the union trust fund and not Defendants. Thus, the statute protects the trust fund and not Defendants.

2

1  Further, the alleged communication was between Defendants and Plaintiffs, union employers, and
2  union clients. The alleged communication, therefore, did not arise from good faith
3  communications to a government agency in furtherance of the right to petition. Accordingly,
4      THE COURT HEREBY ORDERS the Defendant's motion to strike (#16, Opp'n #38,
5  Reply #44) is DENIED.

7  DATED this 20 day of July, 2011.

10                                      _____
11                                      Lloyd D. George
                                    United States District Judge