UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES, et al.,<br><br>　　Plaintiffs,<br><br>v.<br><br>LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872, et al.,<br><br>　　Defendants. | 2:11-cv-0524-LDG-LRL<br><br>**ORDER** |

Defendants have filed a reinstated motion for summary judgment (#74, response #86, reply #95, plaintiffs' supplemental brief in opposition #123, defendants' reply to plaintiffs' supplemental brief in opposition #124, plaintiffs' reply to defendants' supplemental brief in opposition #125).

The court addresses whether plaintiffs' claims are subject to arbitration. Plaintiffs' third, fourth, and fifth causes of action allege breach of the Master Labor Agreement between Local 872 and the Associated General Contractor Association, and plaintiffs, who became signatories when they joined Local 872. That agreement governed the making of payments to the Trust Fund; the Trust Fund's notice to the Association and any general contractor, on reasonable belief, of a signatory employer's delinquency to the Fund; the provisions requiring a general contractor to

withhold payments to the delinquent employer, and to pay the monies over to the Fund until the delinquency is cured.  The Master Labor Agreement also provided Local 872 the right to withdraw employees from any job to enforce the payment of wages or contributions to the Fund for its direct employees.

>Except as otherwise provided in the Agreement, and except for a) jurisdictional disputes; and b) claims, disputes and demand arising out of the Contractor's fringe benefit obligations, set forth in Articles XXIII and XXIV, <u>all disputes or grievances arising out of the interpretation or application of this Agreement shall be submitted for determination and be resolved by the procedures set forth in this Article</u>.  The employer shall have the right to file a grievance under this Article, and further agrees to waive its right to file any lawsuit alleging breach of contract. (emphasis added)

The grievance procedure provides for grievances that cannot be settled with a meeting between the union and contractor to be submitted to a four-member board of adjustment whose majority vote would be final.  If the board of adjustment fails to reach a majority decision within three days after referral of the issue, either party may refer the matter to arbitration for a final and binding decision.

Plainly, plaintiffs' causes of action for breach of the Master Labor Agreement "aris[e] out of the interpretation or application of [the] Agreement" itself.  Plaintiffs, in their arguments, go so far as to even admit that plain language of the agreement was intended to be limited to contractual issues. #123 at 6, 7.  Claims three, four and five of plaintiffs' complaint are just that–allegations of breach of the Master Labor Agreement, which cover the payment, delinquency and enforcement procedures related to payments to the Trust Fund.  That the alleged reason for the breach, racial discrimination, doesn't change that.  These claims, therefore, are subject to arbitration, and the court will stay the case pending resolution of the arbitration.  See 9 U.S.C. § 3.

THE COURT HEREBY ORDERS that claims three, four and five of plaintiffs' complaint shall be subject to the procedures of the Master Labor Agreement regarding arbitration.

THE COURT HEREBY ORDERS that defendants' motion for summary judgment (#74) is DENIED without prejudice to its refiling following resolution of the arbitration.

Dated this 26 day of March, 2015.

_____
Lloyd D. George
United States District Judge