# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

GENE COLLINS, *et al*.,

    Plaintiffs,

v.

LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA LOCAL NO.
872, *et al*.,

    Defendants.

Case No. 2:11-cv-00524-LDG (CWH)

**ORDER**

    The plaintiffs seek partial summary judgment (ECF No. 141) against defendant

Laborers' International Union of North America Local No. 872 (the Union) as to their third,

fourth, and fifth claims for relief.[1]  They argue that judgment is appropriate because they

obtained an arbitration award to which this Court should defer in considering whether

summary judgment is appropriate on these claims.  The defendants filed an opposition

(ECF No. 147) which, for reasons stated below, the Court has not read or considered.  The

plaintiffs move to strike the opposition (ECF No. 154) because it is six pages longer than

---

[1]    While the plaintiffs' complaint alleges these claims against the defendants
generally, their motion for partial summary judgment seeks judgment solely as to the
Union.

1    allowed by Local Rules.  In response, the defendants filed an amended opposition (ECF

2    No. 159) which plaintiffs move to strike (ECF No. 164) because the defendants did not first

3    obtain leave of the Court to file the amended response.

4          The plaintiffs also filed a reply to their motion for summary judgment.  The

5    defendants move to strike the declarations and evidence that plaintiffs attached to that

6    reply (ECF No. 163), arguing that the evidence should have been attached to the original

7    motion.  The plaintiffs respond that the additional evidence is in rebuttal to arguments and

8    evidence submitted by the defendants in their opposition.

9          The Court reviewed only the plaintiffs' motion for partial summary judgment and

10   points and authorities, as well as the evidence submitted by plaintiffs in support of their

11   motion.  The plaintiffs did not meet their initial burden of showing that there are no genuine

12   issues of material fact.  Accordingly, the Court will deny the motion and, because the Court

13   decided the motion without consideration of either the opposition or reply, will deny the

14   various motions to strike as moot.

15    Motions to Strike

16          Regardless of whether the Court grants the plaintiffs' and defendants' motions to

17   strike, the Court will be required to review plaintiffs' papers in support of their motion for

18   partial summary judgment.  The Ninth Circuit has noted:

19          Under Federal Rule of Civil Procedure 56, a moving party is entitled to
            summary judgment only upon a showing that there are no genuine issues of
20          material fact requiring a trial. The party opposing the motion is under no
            obligation to offer affidavits or any other materials in support of its opposition.
21          Summary judgment may be resisted and must be denied on no other grounds
            than that the movant has failed to meet its burden of demonstrating the
22          absence of triable issues. A local rule that requires the entry of summary
            judgment simply because no papers opposing the motion are filed or served,
23          and without regard to whether genuine issues of material fact exist, would be
            inconsistent with Rule 56 . . ..
24
     Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).  The Ninth Circuit went on to
25
     observe that, even in the absence of an opposition, a court would abuse its discretion by
26

                                                 2

1 granting "a motion for summary judgment where the movant's papers are insufficient to

2 support that motion or on their face reveal a genuine issue of material fact." *Id.*

3       As will be discussed below, the Court's review of the plaintiffs' evidence establishes

4 that, even in the absence of an opposition by defendants, the plaintiffs did not meet their

5 burden of establishing the absence of genuine issues of material fact.  Accordingly, the

6 Court will not consider the motions to strike, but will deny them as moot.

7 <u>Motion for Summary Judgment</u>

8       In considering a motion for summary judgment, the court performs "the threshold

9 inquiry of determining whether there is the need for a trial—whether, in other words, there

10 are any genuine factual issues that properly can be resolved only by a finder of fact

11 because they may reasonably be resolved in favor of either party." *Anderson v. Liberty*

12 *Lobby, Inc.*, 477 U.S. 242, 250 (1986); *United States v. Arango*, 670 F.3d 988, 992 (9th Cir.

13 2012).  To succeed on a motion for summary judgment, the moving party must show (1)

14 the lack of a genuine issue of any material fact, and (2) that the court may grant judgment

15 as a matter of law.  Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

16 (1986); *Arango*, 670 F.3d at 992.

17       A material fact is one required to prove a basic element of a claim.  *Anderson,* 477

18 U.S. at 248.  The failure to show a fact essential to one element, however, "necessarily

19 renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Additionally, "[t]he mere

20 existence of a scintilla of evidence in support of the plaintiff's position will be insufficient."

21 *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012) (quoting

22 *Anderson*, 477 U.S. at 252).

23       "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after

24 adequate time for discovery and upon motion, against a party who fails to make a showing

25 sufficient to establish the existence of an element essential to that party's case, and on

26 which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  "Of

1  course, a party seeking summary judgment always bears the initial responsibility of

2  informing the district court of the basis for its motion, and identifying those portions of 'the

3  pleadings, depositions, answers to interrogatories, and admissions on file, together with the

4  affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material

5  fact." *Id.*, at 323.  As such, when the non-moving party bears the initial burden of proving,

6  at trial, the claim or defense that the motion for summary judgment places in issue, the

7  moving party can meet its initial burden on summary judgment "by 'showing'–that is,

8  pointing out to the district court–that there is an absence of evidence to support the

9  nonmoving party's case." *Id.,* at 325.  Conversely, when the burden of proof at trial rests

10  on the party moving for summary judgment, then in moving for summary judgment the

11  party must establish each element of its case.

12      Once the moving party meets its initial burden on summary judgment, the non-

13  moving party must submit facts showing a genuine issue of material fact.  Fed. R. Civ. Pro.

14  56(e); *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir.

15  2000).  As summary judgment allows a court "to isolate and dispose of factually

16  unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the

17  evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H.*

18  *Kress & Co.*, 398 U.S. 144, 157 (1970).  The allegations or denials of a pleading, however,

19  will not defeat a well-founded motion.  Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co.*

20  *v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  That is, the opposing party cannot

21  "'rest upon the mere allegations or denials of [its] pleading' but must instead produce

22  evidence that 'sets forth specific facts showing that there is a genuine issue for trial.'"

23  *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Fed.

24  R. Civ. Pro. 56(e)).

25

26

4

Background

In March 2015, the Court determined that plaintiffs' third, fourth, and fifth claims for relief were "subject to the procedures of the Master Labor Agreement regarding arbitration." The Court stayed this matter pending resolution of that procedure.

As asserted by the plaintiffs in their memorandum of points and authorities, "the arbitration directed by this Court . . . occurred and produced final and enforceable awards for each of the Plaintiffs against Defendant Local Union 872." Plaintiffs' Memorandum of Points and Authorities, p.1, ll.1-2 (ECF No. 141).[2] More specifically, they assert that in response to the Court's March 2015 order, they "initiate[d] a grievance against Defendant Union under the MLA on February 5, 2016." *Id.*, p.2, ll.3-4. "An arbitration hearing was held before a Board of Adjustment formed under Article G of the [Master Labor Agreement (MLA)]." *Id,* ll.8-9. "[T]he Board of Adjustment issued a decision and award and served it on the Union." *Id*, ll.9-10. "The Union's time to challenge the award has elapsed." *Id*.

As asserted by the plaintiffs in their Statement of Undisputed Facts and Claims, they served a Joint Grievance against the Union on February 5, 2016, but the Union did not meet with them. On March 23, 2016, the plaintiffs assigned their grievance to a meeting of the Board of Adjustment, scheduled for April 13, 2016 at the Associated General Contractors' (AGC) office. On that same date, the Board of Adjustment scheduling letter was delivered to the Union. The place of the meeting was subsequently changed and, on March 25, 2016, the Revised Notice of Meeting was delivered to the Union. The plaintiffs selected Yolanda Dyess and Rosemary Phillips to be their Board of Adjustment members. The Union did not request a postponement or rescheduling of the Board of Adjustment

---

[2] As the Court has limited its consideration to the plaintiffs' Points and Authorities and their evidence, all further citations will cite to Points and Authorities and the relevant page and line. Further, as the plaintiffs offer only the declaration of Rosemary Phillips and the exhibits attached to that declaration as evidence in support of their motion, the citations to the evidence will either identify that it is to the Phillips' Declaration, or the relevant Exhibit attached to that declaration.

1  meeting.  On April 13, 2016, the Board of Adjustment met and heard the plaintiffs'

2  grievance.  The Union did not appear at the hearing.  By majority vote, the Board of

3  Adjustment found the Union had violated the MLA.  On April 15, 2016, the Board of

4  Adjustment notified the Union of its decision.  The Union did not challenge the award.

5  Analysis

6      The plaintiffs fail to establish there is an absence of a genuine issue of fact that a

7  Board of Adjustment was formed under Article G of the MLA.  Rather, their evidence, which

8  plaintiffs mis-characterize in their Points and Authorities and their Statement of Facts,

9  establishes that genuine issues of fact remain whether a Board was ever formed that had

10 authority to enter an award against the Union.

11     In their Statement of Fact #9, the plaintiffs cite to ¶17 of the Phillips' Declaration and

12 Exhibit E for the propositions that:

13     [o]n March 23, 2016, the matter was assigned by Plaintiffs as Grievants to a
       meeting of the Board of Adjustment per Article IV ¶G of the MLA.  The Board
14     was scheduled to meet at the Associated General Contractors office . . . on
       April 13, 2016.
15

16 In their Statement of Fact #10, the plaintiffs cite to ¶18 and Exhibit F for the proposition

   that:
17
       [t]he March 23, 2016, Board of Adjustment scheduling letter was hand
18     delivered to and received by the Defendant Union on March 23, 2016.

19 In their Points and Authorities, the plaintiffs assert: "Board Members Phillips' and Dyess'

20 March 23 and 25, 2016, letters notified Local 872 of the time and place of the Board

21 meeting."

22     The plaintiffs' Statements of Fact are materially incomplete recitations, and material

23 misstatements, of Phillips' statements in her Declaration.  Their argument that the letters

24 were from "Board Members" exemplifies the triable issue of material fact that precludes a

25 grant of summary judgment.

26

In her declaration, Phillips does not offer any statement suggesting that, on March 23, 2016, the plaintiffs assigned their grievance to a meeting of a Board of Adjustment. At most, in ¶17, Phillips recites that "[o]n March 23, 2016, Yolanda Dyess and I signed a letter advising that the Board of Adjustment meeting was scheduled for 10:00 a.m. on April 13, 2016" at the AGC office. She attests that Exhibit E is a true and correct copy of that letter. Exhibit E is a letter dated March 23, 2016, written on Six Star letterhead. The letter is signed by Phillips for plaintiff Six Star Cleaning and by Dyess for Step by Step Cleaning. The letter recites that the plaintiffs served a grievance on the Union. It further recites:

> Article IV G of the 2005-2010 Labor Agreement Between Associated General Contractors Association and Laborers International Union of North America No. 872 provides that if "a settlement is not reached within five (5) days, the matter shall be submitted to a Board of Adjustment. . .."

The letter concludes: "A meeting of the Board of Adjustment is now scheduled for 10:00 a.m., April 13, 2016, at the" AGC office.

Omitted from the plaintiffs' Statement of Facts are additional statements by Phillips providing context to her declarations in ¶17. According to her declaration, Philips is the president of Six Star Cleaning & Carpet Services, Inc., one of the plaintiffs in this litigation. Phillips states, in ¶13, that after the Union did not timely respond to the written grievance, she "contacted the other Plaintiffs and we agreed to submit the Grievance to the next level, to the Board of Adjustment using the procedure set forth in Article IV paragraph G of the MLA." In ¶14, Phillips states that the plaintiffs "selected Yolanda Dyess of Step by Step Cleaning Service and me as members of the Board of Adjustment to pursue and resolve the Plaintiffs' Joint Grievance."[3] Phillips continues, in ¶15, that on March 15, 2016, she spoke with Associated General Contractors (AGC)'s Director of Labor Relations regarding the procedures to conduct a Board of Adjustment and to reserve an AGC conference room

---

[3] The plaintiffs proffer this as Statement of Fact #13.

1  for a Board of Adjustment meeting.  Further, on March 22, 2016, she then spoke with

2  AGC's Office Manager to confirm use of the room.

3       The relevant portion of Article IV ¶G of the MLA provides:

4           If the parties at this step (job-level attempt to resolve the initial written
            grievance) cannot resolve the grievance within the five day period, either
5           party may notify the other party involved in writing that it invokes the next
            step.

6

7           If a settlement is not reached within five (5) days, the matter shall be
            submitted to a Board of Adjustment, appointed as follows: The Employer
            involved shall appoint two (2) members, or his designated representative, and
8           the Union shall appoint two (2) members.

9  Other than the March 23 letter, the record lacks any evidence suggesting the plaintiffs

10 notified the Union they were submitting their grievance to a Board of Adjustment.  The

11 plaintiffs do not offer any argument, nor direct the Court's attention to any evidence that

12 can be construed as such a written notice from the plaintiffs to the Union.  The Court

13 recognizes that some aspects of the letter are consistent with a construction that Phillips

14 and Dyess signed the letter in their capacity as agents of the plaintiffs.  The letter was

15 written on Six Star Cleaning letterhead.  Phillips' and Dyess' signature lines indicate they

16 were signing as agents of the plaintiffs.  The content of the letter, however, does not

17 suggest that they wrote the letter on behalf of the plaintiffs to notify the Union that the

18 plaintiffs were submitting their grievance to a Board of Adjustment.

19      Rather, considered in the context of the acts of Phillips and the plaintiffs, the content

20 of the letter indicates that Phillips and Dyess wrote the letter on behalf of a Board of

21 Adjustment to notify the Union of the time and place at which it would conduct a hearing to

22 resolve the plaintiffs' grievance.  Phillips declares that the plaintiffs agreed to submit their

23 grievance to a Board of Adjustment and selected Phillips and Dyess as their appointed

24 members.  On March 15, (prior to any notification to the Union) Phillips began scheduling a

25 time and place for a Board of Adjustment meeting.  On March 22, she confirmed the time

26 and place for a Board of Adjustment meeting.  The plaintiffs, themselves, argue that

1  Phillips and Dyess signed the letter as "Board Members" to notify the Union of the time and

2  place of the Board of Adjustment meeting.

3      In sum, according to the plaintiffs' evidence and the conflicting constructions of the

4  March 23, letter, before the Union had an opportunity to appoint any members to a Board

5  of Adjustment, the plaintiffs had already appointed Phillips and Dyess as members of a

6  Board of Adjustment.  On March 15, before the Union had an opportunity to appoint any

7  members to a Board of Adjustment, Phillips began unilaterally acting on behalf of a Board

8  of Adjustment to schedule the date and place for a meeting to hear the plaintiffs' grievance.

9  On March 22, before the Union had an opportunity to appoint any members to a Board of

10 Adjustment, she continued to act unilaterally on behalf of the Board of Adjustment to

11 confirm the time and place for a Board meeting.  On March 23, Phillips and Dyess signed a

12 letter both (a) as representatives of the plaintiffs, in which the plaintiffs assigned their

13 grievance to a Board of Adjustment, and (even though the the Union had not had any

14 opportunity to appoint any members to the Board) (b) as Board members unilaterally acting

15 on behalf of the Board of Adjustment to notify the Union that a Board of Adjustment had

16 scheduled the time and place of the hearing to resolve the plaintiffs' grievance.  At a

17 minimum, a genuine issue of fact exists whether, consistent with the MLA and before any

18 notice was provided to the Union, Phillips and Dyess could form a Board of Adjustment and

19 unilaterally act on behalf of that Board.  As one of those unilateral acts was the notification

20 to the Union of the time and place of the Board hearing, a genuine issue of fact exists

21 whether the Union was properly notified of the Board hearing.  As an issue of fact exists

22 whether the Union was properly notified of the Board meeting, an issue of fact exists

23 whether Phillips and Dyess could convene a Board meeting on April 13 in the absence of

24 Union-appointed Board members.  These issues of fact preclude summary judgment.

25      The plaintiffs argue that whether the steps in a contractual grievance process were

26 met is a question for the arbitrator to which this Court must defer.  At issue, however, is

1 whether the Phillips and Dyess had any authority to act as a Board of Adjustment under the

2 MLA. As issues of fact remain whether a Board of Authority was formed, issues of fact

3 remain whether Phillips and Dyess had any authority to enter an award against the Union.

4 Therefore, for good cause shown,

5 THE COURT **ORDERS** that Plaintiffs' Motion for Partial Summary Judgment (ECF

6 No. 141) is DENIED;

7 THE COURT FURTHER **ORDERS** that the Motions to Strike (ECF Nos. 154, 163,

8 164) are DENIED as moot.

9

10 DATED this \_\_\_\_\_ day of September, 2017.

11

12 Lloyd D. George
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26