# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GENE COLLINS, et al.,

    Plaintiffs,

v.

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872, et al.,

    Defendants.

Case No. 2:11-cv-00524-LDG (CWH)

**ORDER**

    Presently before the Court is the Plaintiffs' Second Motion to Lift Stay (CM/ECF No. 191), in which they argue that the stay should be lifted because parties have been unable to agree on an arbitrator. The Defendants respond that the inability to agree upon an arbitrator is because the plaintiffs refuse to select from a list of arbitrators with labor arbitration experience. The Defendants further suggest that the Court's assistance is required to resolve this impasse.

    The Plaintiffs have also filed a document captioned as "Plaintiff's [sic] Order to Show Cause, but which the Plaintiffs docketed as "Fourth Motion for Hearing" (CM/ECF No. 194). They have also filed a document with the lengthy caption of "Plaintiffs' Request to Reaffirm Unopposed Motion for Order to Show Case [sic], Reply to Response, Plaintiffs [sic]

Emergency Motion to Compel Arbitration with Time Restraint and to Bifercate [sic] Civil Rights Claims for Immediate Trial Setting," but which they docketed as a "Motion to Expedite" (CM/ECF No. 202). The Court will deny the motions, but will require that Defendants proceed with the selection of an arbitrator from the list of names obtained by Plaintiffs' counsel from the Federal Mediation and Conciliation Service.

In March 2015, the Court ordered that Plaintiffs' third, fourth, and fifth claims were subject to the procedures of the Master Labor Agreement (MLA) regarding arbitration, and that this matter would be stayed pending resolution of that arbitration. In December of that year, Defendants moved to dismiss for lack of prosecution, arguing Plaintiffs had not made any effort to file a formal grievance necessary to initiate the MLA's arbitration process. Though Plaintiffs acknowledged they had not filed a formal grievance, they suggested such was the result of confusion or mis-communication. The Court denied the Defendants' motion.

In September 2016, Plaintiffs moved for partial summary judgment on their third, fourth, and fifth claims, asserting that resolution of those claims pursuant to the MLA's arbitration process, as ordered by this Court, had resulted in an *arbitration* award in favor of the Plaintiffs in April 2016. The evidence submitted by the Plaintiffs established, however, that they had not obtained an arbitration award. Rather, the Plaintiffs asserted that they had initiated the grievance process, had pursued that process through the Board of Adjustment step, had received a "unanimous" Board of Adjustment decision in their favor, and that the Defendants had not objected to the purported award of the Board of Adjustment. The Court denied the motion for partial summary judgment, finding that numerous, genuine issues of fact existed including whether, pursuant to the MLA, a Board of Adjustment had been properly formed. In light of those issues of fact, the Court did not address an additional defect apparent to the Court: that, assuming a Board of Adjustment had been properly formed, the Plaintiffs had failed to establish that the Board of

Adjustment had reached a simple majority decision in their favor.[1] Pursuant to the MLA, and in the absence of a majority decision by the Board of Adjustment, the Plaintiffs could obtain a final and binding decision of their grievances only by having those grievances referred to an impartial arbitrator. The Plaintiffs had not done so.

In August 2018, the Magistrate Judge ordered the parties meet and confer and to file a joint status report by September 13, 2018. On October 2, 2018, the parties held a telephonic status conference before the Magistrate Judge. In that hearing, Plaintiffs' counsel represented that, subsequent to the order to meet and confer, she had initiated the process of referring the Plaintiffs' grievances to an arbitrator by contacting the Federal Mediation and Conciliation Service (FMCS). In response, the FMCS sent a list of seven potential arbitrators to Plaintiffs' and Defendants' counsel. She further represented the Plaintiffs were willing to move forward with the process of selecting an arbitrator from this list.

In response, defense counsel argued that the Defendants had never maintained that they would not proceed to arbitration, but that the Plaintiffs had not advanced their grievance to arbitration. Defense counsel acknowledged that the MLA provided for the selection of an arbitrator by mutual agreement or, if the parties were unable to do so, by selecting an arbitrator from a list of seven names obtained from the FMCS. Defense counsel indicated that, in the latter instance, the standard practice would be that the parties

---

[1] Pursuant to Article IV-G of the MLA, either party may refer a grievance to arbitration if a simple majority of the Board of Adjustment does not reach a decision. Throughout their motion, the Plaintiffs indicated the decision of the Board of Adjustment was "unanimous" in their favor. The characterization was contrary to the record and evidence submitted by the Plaintiffs. Pursuant to the MLA, the Board of Adjustment consists of two members appointed by the Employer or his designated representative and two members appointed by the Union. As such, a "unanimous" decision would represent the votes of all four members of the Board of Adjustment. However, the decision of the purported Board of Adjustment submitted by the Plaintiffs reflected that only the two Employer-appointed members had voted in favor of the Plaintiffs. Even assuming a Board had been properly convened, the Board did not reach a majority decision as only two of the four members of the Board voted in favor of an award to the plaintiffs.

3

would alternately strike names from the list of seven arbitrators until one remained, which arbitrator would hear the grievance. Though aware that Plaintiffs' counsel had requested and obtained a list of seven arbitrators from the FMCS, defense counsel did not raise any objection suggesting that Plaintiffs' request to the FMCS for a list of seven arbitrators was improper, contrary to, or was otherwise insufficient under the terms of the MLA. Neither did defense counsel object that Plaintiffs' efforts to initiate the arbitration process to resolve the Plaintiffs' grievances was premature under the terms of the MLA. Defense counsel did not, at that hearing, object that Plaintiffs' counsel had requested a list of arbitrators "local" to Las Vegas (rather than a selection of arbitrators that were "regional or sub-regional" to Las Vegas). Defense counsel did not object that requesting a list "local" arbitrators resulted in a list of arbitrators who were inexperienced and unqualified to hear the Plaintiffs' grievances. Defense counsel did not argue that requesting a list of "local" arbitrators was contrary to the terms of the MLA. Defense counsel gave no indication that they would not proceed with the selection of an arbitrator from the list obtained by Plaintiffs' counsel following the procedure that defense counsel had outlined during the hearing. Accordingly, the Magistrate Judge ordered a further status conference on the understanding that the parties would proceed in the selection of an arbitrator from the list of seven arbitrators provided by the FMCS in response to Plaintiffs' request.

Nevertheless, subsequent to that hearing, the Defendants have refused to engage in the process of selecting an arbitrator from the list obtained by Plaintiffs' counsel. The Defendants have asserted various reasons why the arbitrator should be selected from a list of "regional" arbitrators. The Defendants have proposed that the arbitrator be selected from their list, or that the lists be combined and the arbitrator selected from the combined list. Absent from any argument by the Defendants, however, is any reference to the terms of the MLA supporting their assertions of the need to select an arbitrator from their list, or from a combined list. While the Defendants assert that it is the Plaintiffs' counsel who has

refused to engage in the selection process, their own communications to the Plaintiffs' counsel establishes that it is the Defendants who have refused to proceed in the manner established in the MLA and presented by them to the Magistrate Judge.

The Defendants do not have any basis to insist or require that the list of seven arbitrators obtained by Plaintiffs' counsel be supplemented with six additional arbitrators from their list of "regional" arbitrators. Article IV-G of the MLA provides that, "[i]n the event the parties cannot agree upon the selection of an arbitrator, one shall be selected from a list of seven (7) names provided by the Federal Mediation and Conciliation Service." While it appears that Plaintiffs did not attempt to meet and confer with Defendants in an effort to mutually select an arbitrator, Defendants do not suggest that any such effort would have resulted in the parties mutually agreeing upon an arbitrator. Further, given that the Defendants cannot even agree with Plaintiffs' counsel as to the list of arbitrators, any attempt by the parties to mutually agree upon a single arbitrator would have been futile. Additionally, following Plaintiffs' explanation to the Magistrate Judge that she had requested a list of names from the FMCS, the Defendants did not object that such request was premature due to a lack of an attempt to mutually agree upon an arbitrator. Neither did the Defendants object, during that status conference, that the MLA precluded the Plaintiffs from unilaterally requesting the list of names. Neither did the Defendants object that the MLA required a list of "regional" or "sub-regional" arbitrators. Further, the Defendants do not point to any language in the MLA requiring that the FMCS list consist of "regional" or "sub-regional" arbitrators. The Defendants suggestion that the list obtained by Plaintiffs' counsel be combined with a list they subsequently obtained, and the arbitrator selected from the resulting list of 13 names, is contrary to the MLA, which expressly provides that the arbitrator be selected from a list of seven names provided by the FMCS. Accordingly, the Court will order the Defendants to proceed with the selection of an

arbitrator from the list of names obtained from the FMCS by Plaintiffs' counsel, in the manner outlined by defense counsel at the October 2, hearing.

In reviewing the papers memorializing communications between the parties, the Court notes that Plaintiffs have offered to make the first strike and have identified to strike David Gaba. Accordingly, the Court will order the Defendants to make the next strike and to promptly notify Plaintiffs' counsel.

Accordingly,

THE COURT **ORDERS** that Plaintiffs' pending Motions (ECF/CM ## 191, 196, 202) are DENIED;

THE COURT FURTHER **ORDERS** that the list of seven arbitrators from which the parties must select an arbitrator is that provided by the Federal Meditation and Conciliation Service in response to the September 24, 2018, request of Plaintiffs' counsel, and consists of the following arbitrators: David Gaba (Arbitrator #3561), Dennis Kist (#4005), Jay Fogelberg (#1996), John Mccollister (#2020), Kelly Hansen (#3904), Michael Durick (#3719), and Richard Humphreys (#3368).

THE COURT FURTHER **ORDERS** that, pursuant to the representation of Defendants' counsel at the October 2, 2018, status conference, the selection of the arbitrator from this list will proceed by the parties alternately striking one name from this list until only the name of a single arbitrator remains on the list.

THE COURT **FINDS** that Plaintiffs have elected to exercise the first strike and have stricken David Gaba (#3561) from serving as the arbitrator.

THE COURT FURTHER **ORDERS** that, to ensure the parties timely complete the selection of an arbitrator, the parties shall promptly confer and agree upon a schedule they will follow that will result in the selection of an arbitrator not later than Friday, February 1, 2019. The parties shall file a joint status report setting forth this schedule not later than Friday, January 25, 2019. The parties shall further file a joint status report with the Court

on Friday, February 1, 2019, regarding the selection of the arbitrator and an anticipated schedule for resolution of the arbitration.

DATED this \_\_23\_\_ day of January, 2019.

Lloyd D. George
United States District Judge