KRISTINA L. HILLMAN, Bar No. 7752
LAW OFFICES OF KRISTINA L. HILLMAN
  Affiliated with Weinberg, Roger & Rosenfeld
  A Professional Corporation
1594 Mono Avenue
P.O. Box 1987
Minden, Nevada 89423
Telephone (775) 770-4832
Fax (775) 782-6932
E-Mail:  khillman@unioncounsel.net

Attorneys for Defendants LABORERS INTERNATIONAL UNION
OF NORTH AMERICA LOCAL NO. 872; TOMMY WHITE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE COLLINS, an individual doing business as SOUTHERN NEVADA FLAGGERS & BARRICADES, et al., <br><br> Plaintiffs <br><br> v. <br><br> LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872, et al., <br><br> Defendants. | Case No. 2:11-cv-00524 GMN-DJA <br><br> **OBJECTION TO REQUEST FOR EXTENSION OF TIME TO RETAIN NEW COUNSEL** <br><br> Judge:  Hon. Gloria M. Navarro |

## I.    INTRODUCTION

This case was filed on April 8, 2011—over nine and a half years ago.  It has been plagued by extended periods of time where Plaintiffs either did nothing to prosecute the case, or were attempting to obtain yet another attorney to pursue their frivolous claims.  After having been provided with 92 days to obtain new counsel, *see* ECF 220 (32 days), 245 (60 days), counsel for the bankruptcy trustee for Plaintiff Six Star Carpet Cleaning & Carpet Service ("Six Star") now seeks an open-ended extension to retain new counsel that is tied to the Court's ruling on Plaintiffs' motion to vacate the arbitration decision issued on June 16, 2020, specifically until thirty (30) days after the Court issues a ruling on the motion to vacate.  See ECF 246.  The other

Plaintiffs have apparently made no attempt to retain new counsel,[1] nor have they provided any status reports as ordered by the Court. ECF 240. Laborers International Union of North America Local 872 and Tommy White (collectively "Local 872") strenuously object to an open-ended extension of time for Six Star to retain new counsel, which will only delay proceedings further.

## II.     BACKGROUND—A HISTORY OF DELAY

After filing their complaint Plaintiffs did nothing to move the case forward between July 1, 2011 and March 6, 2012—over 200 days—during which time they apparently did not have the assistance of counsel. Plaintiffs retained new counsel in March 2012. ECF 54. Discovery closed in June 2012, ECF 15, and Local 872 filed a motion for summary judgment in July 2012. After the motion was fully briefed, Plaintiffs' second attorney withdrew from the case on March 12, 2013. ECF 108, 109. Because Plaintiffs had no counsel, the Court was unwilling to rule on the motion, and on March 27, 2013, issued an order denying the motion without prejudice to reinstatement after Plaintiffs obtained new counsel. ECF 110. It took Plaintiffs over a year to retain their third attorney. *See* ECF 112. Local 872 renewed its motion for summary judgment, and on March 26, 2015, the Court ordered three of the causes of action to arbitration. ECF 126. Plaintiffs then retained yet another attorney

Aside from an exchange of correspondence in early June 2015, Plaintiffs' made no effort to move their case forward to arbitration. The case remained stalled until September 2016—another 468 days—when Plaintiffs' fourth attorney made an appearance. ECF 140. After filing a motion for summary judgment, Plaintiffs' forth attorney moved to withdraw in August 2018, ECF 176, before Plaintiffs' motion for summary judgment was denied. While Plaintiffs still had local counsel, no effort was made to move the three claims ordered to arbitration forward.

Plaintiffs retained their fifth attorney in September 2018, ECF 181, and their sixth attorney in April 2019. ECF 212. After proceeding with the arbitration and receiving an unfavorable decision, Plaintiff's sixth attorney withdrew in September 2020. Plaintiffs' delays—whether because they did not have an attorney or because their attorney was not actively pursuing

---

[1] The bankruptcy trustee's counsel obviously does not represent any Plaintiff other than the bankrupt Six Star.

the case—amount to almost three years, a period that does not include the time that motions were pending before the Court.

### III.   ARGUMENT

A clear pattern emerges from the history of this case—every time an adverse ruling is issued Plaintiffs get another attorney.  Six Star is now looking for a seventh attorney to step into the case, and claims that representation is contingent on the outcome of the decision on the motion to vacate.  It is resorting to looking out of state since no one in Nevada will handle the case.  There is an obvious reason—the 6 prior lawyers and firms have liens on any recovery.  Nothing would be obtained by pursing this case with this churning of lawyers.

There is no need to delay obtaining counsel until the Court rules on the motion to vacate.  In fact, the Court should not be put to the burden of reviewing the motion to vacate if no counsel will take the case and it will eventually have to be dismissed.  This is waste of the Court's resources.  New counsel should be on board and familiar with the case, and may wish to withdraw the motion to vacate.  When the order issues Six Star should be ready to proceed without delay.[2]  Local 872 intends to request the Court lift the stay on Six Star's remaining causes, and will renew its motion for summary judgment.  After nine and a half years, Six Star should be in a position to fully prosecute its claims now.

The prejudice caused by the unwarranted delay cannot be denied.  The law presumes injury from unreasonable delay.  *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir.1994); *Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir.1980) (delay alone creates a presumption of prejudice); *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (injury presumed from delay); *see also Saavedra v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-00613-MMD, 2013 WL 420400, at *2 (D. Nev. Jan. 31, 2013) ("Injury is assumed when an unreasonable delay exists").  Six Star is attempting to prosecute wrongs reaching back to 2006.  *see* ECF 1, ¶ 13 (wrongs occurred 5 years prior to the filing of the complaint).  Fourteen years later the evidence is stale—memories fade and witnesses are no longer readily available.  Some

---

[2] The delay will not simply be 30 days.  It will take additional time for new counsel to review the pleadings, deposition transcripts and evidence.  The delay could be as long as 120 days.

employees of Local 872 who were identified as witnesses are no longer employed by the Local. Some witnesses have moved, and some have died. Local 872 should not be subject to any further prejudice because Six Star cannot retain an attorney even out of state.

## IV.   CONCLUSION

This case has languished long enough, almost a decade, and it is time to end this debacle. Six Star's request for an extension of time to retain counsel until 30 days after the Court has ruled on the motion to vacate must be denied. The Court should dismiss this entire action with prejudice now under Rule 41(b) of the Federal Rules of Civil Procedure and Civil Local Rule 41-1. If it is not inclined to do so, dismissal should be granted as to all Plaintiffs except Six Star, and the Court should set a date certain by of January 30, 2021 by which Six Star must have counsel. If that date is not met, Six Star's claims should also be dismissed with prejudice.

Dated:  December 30, 2020

LAW OFFICES OF KRISTINA L. HILLMAN
  Affiliated with Weinberg, Roger & Rosenfeld
  A Professional Corporation

Respectfully Submitted:

By:   /s/ KRISTINA L. HILLMAN
      KRISTINA L. HILLMAN

Attorneys for Defendants LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL NO. 872; TOMMY WHITE,

# CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Alameda, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 1375 55th Street, Emeryville, CA 94608.

I hereby certify that on December 30, 2020, I electronically filed the foregoing **OBJECTION TO REQUEST FOR EXTENSION OF TIME TO RETAIN NEW COUNSEL** with the **United States District Court, District of Nevada**, by using the Court's CM/ECF system.

I further certify that for those participants in the case who are registered CM/ECF users service will be accomplished through the Court's electronic filing system.

I hereby certify under penalty of perjury that the above is true and correct.  Executed at Emeryville, California, on December 30, 2020.

*/s/ Sally Mendez*
Sally Mendez

127792\1134313

---

1
OBJECTION TO REQUEST FOR EXTENSION OF TIME TO RETAIN NEW COUNSEL
Case No. 2:11-cv-00524 GMN-DJA